I concur in the main opinion's rationale for affirming the summary judgment entered in favor of Blazer on Parish's claims under the Truth-in-Lending Act, 15 U.S.C. § 1601 et seq. I concur in the result as to its affirmance of the trial court's order decertifying the class action.
The trial court's order decertifying the class discusses considerations related to the class prerequisites of manageability, typicality, and superiority. The trial court's order then recites concerns over the fairness of allowing a summary judgment to be entered against the entire class. The trial court expressed concern over the result applicable to individual members of the class whose claims would be extinguished by the entry of a summary judgment, and yet whose claims, "because of unique circumstances or the choice of different legal theories by their counsel, could be litigated successfully." I reject this basis for decertification unless the trial court can conclude that the named plaintiffs and their counsel are incapable of representing the class adequately. In other words, absent a showing of inadequacy of representation, a class should not be decertified simply to avoid an adjudication on the merits adverse to the entire class.
I therefore concur only in the result as to that portion of the main opinion holding that, "because the summary judgment was appropriate, class treatment was not superior to individual litigation by the class members." I concur in the result (a) because I do not find that the trial court exceeded its discretion in decertifying the class on grounds unrelated to the entry of the summary judgment against the named plaintiffs and (b) because Blazer, by contending on appeal that the trial court did not err in decertifying the class, cannot assert error as to that aspect of the trial court's order justifying decertification on grounds related to the entry of a summary judgment against the named plaintiffs.